JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAMUEL ROBERT MOORE and NICKOLE RENEA MOORE

### DEFENDANTS
TRUIST BANK

**(b)** County of Residence of First Listed Plaintiff: Hamilton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jennifer H. Lawrence, Lawrence & Lawrence, PLLC, PO Box 1297, Chattanooga, TN 37401 (423) 756-5031

Attorneys *(If Known)*
Richard Keller, Burr & Forman LLP, 420 North 20th St, Ste 3400, Birmingham, AL 35203 (205) 251-3000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [x] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1601

Brief description of cause:
Plaintiffs allege violations of TILA and breach of contract regarding their HELOC account with Truist

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Unknown

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 10/5/2023
SIGNATURE OF ATTORNEY OF RECORD: /s/Richard C. Keller

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL ROBERT MOORE and ) <br> NICKOLE RENEA MOORE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TRUIST BANK, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br><br> 1:23-cv-00229 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Truist Bank ("Truist") gives notice of the removal of this action from the Circuit Court of Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Southern Division. As grounds in support of this removal, Truist states as follows:

### I. INTRODUCTION

1. Plaintiffs Samuel Robert Moore and Nickole Renea Moore ("Plaintiffs") commenced this action by filing a complaint against Truist in the Circuit Court of Hamilton County, Tennessee, Docket No. 23C927, on August 31, 2023.

2. Truist was served with the Complaint on September 7, 2023. *See* Exhibit A.

3. In the Complaint, Plaintiffs assert claims under the Truth in Lending Act 15 U.S.C. § 1601, et seq. ("TILA"), breach of contract and breach of covenant of good faith and fair dealing. *See generally* Complaint, attached as Exhibit A.

4. Plaintiffs seek various damages and a declaratory judgment in relation to the interest rate for the Truist Equity Line Account ("HELOC") obtained by Plaintiffs in December 2019. *See id.*

## II. FEDERAL QUESTION JURISDICTION

5. Federal question jurisdiction exists over this action.

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a Plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

8. This is a civil action arising under the Constitution, laws, or treaties of the United States because the Plaintiffs are asserting claims against Truist based upon alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") in addition to claims of breach of contract and breach of covenant of good faith and fair dealing.

## III. SUPPLEMENTAL JURISDICTION

9. This Court can exercise supplemental jurisdiction over Plaintiffs' state law claims because these claims form part of the same case or controversy as Plaintiffs' TILA claims (the "federal claims"). The supplemental jurisdiction statute, section 1367, provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

10. In the instant case, Plaintiffs' state common law claims are related to the same property, HELOC, and servicing activity that form the basis for Plaintiffs' federal claim and arise out of a common nucleus of operative fact. Thus, it is clear that Plaintiffs' state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States . . . and (B) a claim not within the original or supplemental jurisdiction of the district court . . . the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).").

11. Moreover, this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims in this action in order to advance the interest of justice and to avoid duplication and inefficiency. *See Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012). In the instant case, Plaintiffs' state law claims do not raise novel or complex issues of state law, do not predominate over the demand for relief under the federal claims and arise from the same transaction or occurrence as the federal claims. *See* 28 U.S.C. § 1367(c). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiffs' Complaint.

### IV. <u>ADOPTION AND RESERVATION OF DEFENSES</u>

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Truist's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under

Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

13. This is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Truist are attached to this Notice of Removal as **Exhibit A.**

15. This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty days from the date Truist was served with a copy of the Complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").

16. The United States District Court for Eastern District of Tennessee, Southern Division is the court and division embracing the place where this action is pending in state court.

17. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Truist is filing a copy of same with the clerk of the Circuit Court of Hamilton County, Tennessee, as well as a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

18. Truist reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. To the extent remand is sought by Plaintiffs or otherwise visited by this Court, Truist requests the opportunity to brief the issues and submit additional arguments and evidence, and to be heard at oral argument.

**WHEREFORE,** Truist prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Southern

Division.

Respectfully submitted this 5th day of October, 2023.

*/s/ Richard C. Keller*
Richard C. Keller (BPR # 024894)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rkeller@burr.com

Attorney for Defendant
TRUIST BANK

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, on this the 5th day of October, 2023:

Jennifer H. Lawrence
LAWRENCE & LAWRENCE, PLLC
PO Box 1297
Chattanooga, TN 37401

E. Allen Dodd Jr.
Scruggs, Dodd & Brisendine Attorneys, P.A.
207 Alabama Avenue SW
Fort Payne, AL 35967

*/s/Richard C. Keller*
OF COUNSEL